UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
PROFESSIONAL REAL ESTATE SERVICES, INC.,  :

                Plaintiff,  :  07 CIV 7175 (AKH)

    -against-  :

                          **ANSWER**

LINCOLN PROPERTY COMPANY COMMERCIAL,  :
INC.,

                Defendant.
------------------------------------------------------------------ X

Defendant Lincoln Property Company Commercial, Inc. ("LPCC"), through its undersigned counsel, answers the complaint of Plaintiff Professional Real Estate Services, Inc. ("PRES") as follows:

1.    LPCC is without sufficient information to admit or deny the allegations in paragraph 1, but to the extent an answer is required, denies same.

2.    LPCC is without sufficient information to admit or deny the allegations in paragraph 2, sentence 1, but to the extent an answer is required, denies same. LPCC denies the allegations in the second and third sentences of paragraph 2.

3.    LPCC denies the allegations in paragraph 3.

4.    LPCC denies the allegations in paragraph 4.

5.    LPCC denies the allegations in paragraph 5.

6.    LPCC is without sufficient information to admit or deny the allegations in paragraph 6, but to the extent an answer is required, denies same.

#275785.2

7. LPCC admits the allegations in paragraph 7, first sentence. LPCC denies the allegations in paragraph 7, second sentence. With respect to the allegations in the third sentence, LPCC admits the allegations but denies providing any residential services.

8. The statements contained in paragraph 8 are legal conclusions to which an answer is not required, but to the extent an answer is required, denies same.

9. The statements contained in paragraph 9 are legal conclusions to which an answer is not required, but to the extent an answer is required, denies same.

10. LPCC is without sufficient information to admit or deny the allegations in paragraph 10, but to the extent an answer is required, denies same.

11. LPCC is without sufficient information to admit or deny the allegations in paragraph 11, but to the extent an answer is required, denies same.

12. LPCC is without sufficient information to admit or deny the allegations in paragraph 12, but to the extent an answer is required, denies same.

13. LPCC is without sufficient information to admit or deny the allegations in paragraph 13, but to the extent an answer is required, denies same.

14. LPCC denies the allegations in paragraph 14.

15. LPCC denies the allegations in paragraph 15.

16. LPCC denies the allegations in paragraph 16.

17. LPCC denies the allegations in paragraph 17.

18. LPCC denies the allegations in paragraph 18.

19. LPCC denies the allegations in paragraph 19.

20. LPCC denies the allegations in paragraph 20.

21. LPCC is without sufficient information to admit or deny the allegations in paragraph 21, but to the extent an answer is required, denies same.

22. LPCC is without sufficient information to admit or deny the allegations in paragraph 22, but to the extent an answer is required, denies same.

23. LPCC is without sufficient information to admit or deny the allegations paragraph 23, first sentence, but to the extent an answer is required, denies same. LPCC denies the allegations in the second sentence of paragraph 23.

24. LPCC is without sufficient information to admit or deny the allegations in paragraph 24, but to the extent an answer is require, denies same.

25. LPCC denies the allegations in paragraph 25.

26. LPCC is without sufficient information to admit or deny the allegations in paragraph 26, first sentence. LPCC denies the allegations in paragraph 26, second sentence.

27. LPCC denies the allegations in paragraph 27.

28. LPCC is without sufficient information to admit or deny the allegations in paragraph 28, but to the extent an answer is required, denies same.

29. LPCC is without sufficient information to admit or deny the allegations in paragraph 29, but to the extent an answer is required, denies same.

30. LPCC is without sufficient information to admit or deny the allegations in paragraph 30, but to the extent an answer is required, denies same.

31. LPCC denies the allegations in paragraph 31, first sentence. With respect to the remainder of the allegations in paragraph 31, LPCC is without sufficient information to admit or deny, but to the extent an answer is required, denies same.

32. LPCC is without sufficient information to admit or deny the allegations in paragraph 32, but to the extent any further answer is required, denies same.

33. LPCC is without sufficient information to admit or deny the allegations in paragraph 33, but to the extent any further answer is required, denies same.

34. LPCC is without sufficient information to admit or deny the allegations in paragraph 34, but to the extent any further answer is required, denies same

35. LPCC denies the allegations in paragraph 35.

36. LPCC denies the allegations in paragraph 36, first sentence. With respect to the remainder of the allegations in paragraph 36, LPCC is without sufficient information to admit or deny, but to the extent an answer is required, denies same.

37. With respect to the allegations in paragraph 37, LPCC incorporates by reference its answers to the allegations in paragraph 1-36 as if fully set forth herein.

38. LPCC is without sufficient information to admit or deny the allegations in paragraph 38, but to the extent an answer is required, denies same.

39. LPCC denies the allegations in paragraph 39.

40. LPCC denies the allegations in paragraph 40, except to the extent any allegation is repetitive of earlier allegations in which case LPCC incorporates by reference its earlier answers.

41. LPCC denies the allegations in paragraph 41.

42. LPCC denies the allegations in paragraph 42.

43. LPCC denies the allegations in paragraph 43.

44. LPCC denies the allegations in paragraph 44.

45. With respect to the allegations in paragraph 45, LPCC incorporates by references its answers to the allegations in paragraphs 1-36 as if fully set forth herein.

46. LPCC denies that Plaintiff is entitled to the relief it seeks in paragraph 46.

47. With respect to the allegations in paragraph 47, LPCC incorporates by reference its answers to the allegations in paragraphs 1-36 as if fully set forth herein.

48. LPCC denies the allegations in paragraph 48.

49. LPCC denies the allegations in paragraph 49.

50. LPCC denies the allegations in paragraph 50.

51. LPCC denies the allegations in paragraph 51.

52. LPCC denies the allegations in paragraph 52.

53. LPCC denies the allegations in paragraph 53.

54. With respect to the allegations in paragraph 54, LPCC incorporates by reference its answers to the allegations in paragraphs 1-36 as if fully set forth herein.

55. With respect to the allegations in paragraph 55, LPCC admits that it provides certain brokerages services, but is without sufficient information to admit or deny the remainder of the allegations in paragraph 55, but to the extent an answer is required, denies same.

56. LPCC is without sufficient information to admit or deny the allegations paragraph 56, but to the extent an answer is required, denies same.

57. LPCC denies the allegations in paragraph 57.

58. LPCC denies the allegations in paragraph 58.

59. LPCC denies the allegations in paragraph 59.

60. LPCC denies that Plaintiff is entitled to any of the relief it seeks in its prayer.

61. To the extent required, LPCC denies any of the allegations in the headings, I, II, III, IV, and V.

## AFFIRMATIVE DEFENSES

1. PRES's claims are barred, in whole or in part, based upon the doctrine of waiver.

2. PRES's claims are barred, in whole or in part, based upon the doctrine of estoppel.

3. PRES's claims are barred, in whole or in part, by the statute of frauds.

4. To the extent that there was a valid contract between PRES and LPCC (which LPCC denies), PRES's claims are barred, in whole or in part, because such contract was fraudulently induced and is therefore void.

**WHEREFORE**, Defendant Lincoln Property Company Commercial, Inc. demands that the Complaint of Plaintiff Professional Real Estate Services, Inc. be dismissed in its entirety and that it be awarded the costs and disbursements of this action, together with such other, further and different relief as to the Court seems just and proper.

Dated: New York, New York
       September 28, 2007

                              Respectfully submitted,

                              KANE KESSLER, P.C.

                              By: _____
                              Jeffrey H. Daichman (JD-8802)
                              1350 Avenue of the Americas
                              New York, NY 10019
                              (212) 541-6222 (telephone)
                              (212) 245-3009 (facsimile)

#275785.2                                6

Alan S. Loewinsohn
Texas Bar No. 12481600
Wilson E. Wray Jr.
Texas Bar No. 00797700
Loewinsohn Flegle Deary, L.L.P.
12377 Merit Drive, Suite 900
Dallas, TX 75251
(214) 572-1700 (telephone)
(214) 572-1717 (facsimile)

**ATTORNEYS FOR DEFENDANT
LINCOLN PROPERTY COMPANY
COMMERCIAL, INC.**

...

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record on this the 28th day of September, 2007, to the following address:

G. Robert Gage, Jr., Esq.
Laura-Michelle Rizzo, Esq.
GAGE SPENCER & FLEMING LLP
Attorneys for Plaintiff
410 Park Avenue
New York, NY 10022

_____
JEFFREY H. DAICHMAN